**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Andrew Rea, | No. CV-24-01646-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This is a Social Security appeal. On July 17, 2024, the Court issued an order informing Plaintiff, who is proceeding *pro se*, that his opening brief had to be filed within 30 days of when the answer was filed. (Doc. 10 at 1.) This order further provided that "if either party fails to timely file a brief in full compliance with this Order, the Court may strike the non-complying brief, dismiss the case, or remand to the agency, as appropriate. *See* Fed. R. Civ. P. 41(b)." (*Id.* at 2.) Later, in an August 27, 2024 order addressing several motions filed by Plaintiff, the Court reiterated that this case was subject to a "uniform procedure" under which Defendant would "file an answer along with a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are made" and that Plaintiff's opening brief would be due 30 days later. (Doc. 20 at 2-3, cleaned up.)

On October 28, 2024, Defendant filed the administrative record. (Doc. 21.) This functioned as the filing of the answer. *See* LRCiv 16.1(a). Thus, Plaintiff's opening brief was due by November 27, 2024. However, Plaintiff did not file an opening brief by that

date and has not filed an opening brief since then. Indeed, there has been no docket activity in this case for nearly a year.

It follows that Plaintiff has not only failed to comply with a court order, despite being warned of the consequence of doing so, but also failed to prosecute this action. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (discussing the district court's authority to dismiss *sua sponte* under Rule 41(b) for lack of prosecution); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (discussing the district court's authority to dismiss for failure to comply with court orders). The Court has considered the relevant factors under *Ferdik* and concludes they support dismissal without prejudice under these circumstances, where Plaintiff's non-compliance and failure to prosecute have thwarted the public's interest in expedited resolution of litigation and interfered with the Court's ability to manage its docket and Defendant faces a risk of prejudice from further delay. These considerations outweigh the public policy favoring disposition of cases on their merits, and a without-prejudice dismissal is the only feasible alternative to a with-prejudice dismissal.

Accordingly,

**IT IS ORDERED** that this action is dismissed without prejudice for failure to prosecute and failure to comply with court orders.

Dated this 4th day of September, 2025.

_____
Dominic W. Lanza
United States District Judge